IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| CHRISTIN BALLARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 121-119 |
| ) | |
| EVAN JOSEPH, Warden; GEOFFREY A. ) | |
| ALLS; and, MELVIN KESNER, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, detained at Hays State Prison ("HSP") in Trion, Georgia, submitted an "Inmate Form For Civil Action" captioned "In The Superior Court of Richmond County, State of Georgia" and sought to proceed *in forma pauperis* ("IFP"). (Doc. nos. 1, 2.) Upon review of Plaintiff's initial filings, he appears to seek mandamus relief in the state court where his state habeas corpus case is pending. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the complaint be **DISMISSED** without prejudice for failure to state a claim, the motion to proceed IFP, (doc. no. 2), be **DENIED AS MOOT**, and this civil action be **CLOSED**.

### I.     BACKGROUND

Publicly available records show Plaintiff was sentenced to fifteen years of imprisonment and five years of probation on convictions for aggravated battery and cruelty to children in the first degree. State v. Ballard, Case No. SUR2011000159 (Liberty Cnty. Sup. Ct. Sept. 26,

2016), *available at* https://ww2.libertycountyga.com/publiccmwebsearch (follow "Case Number" hyperlink; then search "SUR2011000159" last visited Sept. 28, 2021, Attach. 1.); (see also doc. no. 1, p 1.)  Plaintiff filed a *pro se* state habeas corpus petition on November 11, 2018, while housed in Richmond County, against Warden Evan Joseph in the Superior Court of Richmond County, Georgia.  Ballard v. Joseph, Case No. 2018RCHM00029 (Richmond Cnty. Sup. Ct. Nov. 11, 2018), *available at* https://coc.augustaga.gov (follow "Civil Search" hyperlink; then search "Ballard, Christin" last visited Sept. 28, 2021, Attach. 2.); (see also doc. no. 1, pp. 14-15.)  An answer was filed on February 18, 2019.  (Doc. no. 1, p 14.)  The docket reflects Plaintiff has requested to transfer the case to Spalding county, moved for default judgment, and written several letters to the state habeas court.  (See id. at 15.)  Plaintiff attaches multiple responses issued to his correspondence with the state habeas court, but there does not appear to be any official court rulings on the state habeas petition or the motions filed therein.  (See id. at 13-15; doc. no. 1-1, p. 2.)

      Plaintiff's factual allegations in the current petition are consistent with the procedural history found in the publicly available records.  Frustrated with delay in the Richmond County habeas case, Plaintiff demanded mandamus relief by handwritten motions filed in that case on August 19, 2019 and December 31, 2020.  (Doc. no. 1, pp. 1, 19-20.)  The Clerk of Court replied twice, most recently on June 29, 2021, informing Plaintiff his motions were procedurally improper and would not be considered by a judge.  (Doc. no. 1, p. 13; doc. no. 1-1, p. 2.)  To seek mandamus properly, the Clerk of Court explained, Plaintiff must file a separate mandamus action utilizing "Administrative Office of Court Forms."  (Doc. no. 1-1, p. 2.)  Plaintiff signed the instant complaint on July 27, 2021, which bears the caption "In The Superior Court of Richmond County,

2

State of Georgia," lists the nature of the action as mandamus, and appears to utilize a complaint form approved by the Georgia Administrative Office of the Courts. Plaintiff names the same Defendants as his pending state habeas action: 1) Warden Evan Joseph; (2) Geoffery A. Alls; and (3) Melvin Kesner. (Doc. no. 1, pp. 1-4.) Plaintiff states the nature of his action is mandamus and the "legality of his conviction is unconstitutional." (Doc. no. 1, pp. 1, 6.) As such, he requests the Court grant him relief by ordering his immediate release and awarding him monetary compensation for time served. (Id.)

While the complaint is captioned "In the Superior Court of Richmond County, State of Georgia" and is written on Georgia approved forms for civil actions, Plaintiff mailed the complaint to this Court rather than the Richmond County Superior Court. (Doc. no. 1, p. 1; doc. no. 1-3.) In all likelihood, Plaintiff intended to file this action in Richmond County Superior Court in accordance with the instructions provided to him by the Clerk of that Court. Even assuming Plaintiff intended to file the mandamus action here instead, federal court is not the proper avenue for Plaintiff to seek his mandamus relief.

## II.     Mandamus Relief in Federal Court is Improper

The federal statute regarding writs of mandamus, 28 U.S.C. § 1361, provides such relief against only federal officers, employees, or agencies. Moreover, "[m]andamus jurisdiction is appropriate only where (1) the defendant owes a clear nondiscretionary duty to the plaintiff and (2) the plaintiff has exhausted all other avenues of relief." Lifestar Ambulance Serv., Inc. v. United States, 365 F.3d 1293, 1295 (11th Cir. 2004). Petitioner's mandamus request fails because all defendants here are private individuals or state officials, and Plaintiff has an alternative avenue of seeking mandamus relief in the state court. See Rickett v. State, 581 S.E.2d 32, 33 (Ga. 2003)

3

(recognizing applicability of mandamus to Georgia habeas proceedings). A blank "Inmate Form for Civil Action" in compliance with O.C.G.A. §9-10-14(a), can be found at https://jcaoc.georgiacourts.gov/wp-content/uploads/sites/6/2020/10/Inmate-Form-For-Civil-Actions-Supreme-Court-2.pdf (last visited Oct. 7, 2021) (Attach. 3.) Plaintiff must direct such form to a state court, not a federal court, to seek mandamus relief.

Moreover, Plaintiff's requested relief of release from imprisonment and monetary damages is not mandamus, and Plaintiff acknowledges he has a pending § 1983 case in the Savannah Division of this Court alleging wrongful arrest and malicious prosecution concerning his Liberty County conviction. See 4:21-CV-00005-WTM-CLR, Ballard v. Kesner, (doc. no. 1) (S.D. Ga Dec. 14. 2020).

Notably, although there has been some delay in the progress of Plaintiff's state case, the delay is understandable given the unusual circumstances of the COVID-19 pandemic and the Statewide Judicial Emergency previously in effect. Indeed, on March 14, 2020, the Honorable Harold D. Melton, Chief Justice of the Supreme Court of Georgia, issued an Order Declaring Statewide Judicial Emergency pursuant to O.C.G.A. § 38-3-61 because of the COVID-19 pandemic. Order *available at* https://gasupreme.us (follow hyperlink for Statewide Judicial Emergency, Original Order, last visited Jan. 28, 2021). That original Order has been extended fifteen times through June 30, 2021. Id. (follow hyperlink for Statewide Judicial Emergency, Fifteenth Extension Order, last visited Sept. 20, 2021, Attach. 4). This time period encompassed the majority of the delayed time in Plaintiff's state habeas case, and presents exceptional circumstances contributing to delay in his proceedings.

4

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted, the motion to proceed IFP, (doc. no. 2), be **DENIED AS MOOT**, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 15th day of October, 2021, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA